## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRENDAN BURKE, | : | |
| | : | CIVIL ACTION No.: |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| ROSS UNIVERSITY SCHOOL OF | : | |
| MEDICINE, DEVRY UNIVERSITY, INC., | : | |
| and DEVRY EDUCATION GROUP, INC | : | |
| Defendants. | : | JANUARY 25, 2016 |

## MOTION FOR A TEMPORARY RESTRAINING ORDER

Plaintiff Brendan Burke, by his undersigned counsel, hereby moves the Court

pursuant to Fed. R. Civ. P. 65(b) and D. Conn. L. Civ. R. 7(a) to issue an emergency Temporary

Restraining Order compelling Defendants Ross University School of Medicine ("RUSM"),

DeVry University, Inc. and/or DeVry Education Group, Inc. to certify Brendan Burke as eligible

and permit him to take the United States Medical Licensing Examination Step 2 Clinical

Knowledge ("USMLE Step 2 CK"), his sole remaining RUSM graduation requirement.  In

support of this motion, Plaintiff states as follows:

1.     Plaintiff was accepted by RUSM as a medical student in March 2007 and

matriculated, for the first time, in May 2007.

2.     Plaintiff is a person with a disability as that term is defined in the

Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101, *et seq.*, and Section

504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794.  In 2001, Plaintiff

suffered severe traumatic brain injuries when a large metal object originating from a commercial

truck crashed through the front windshield of his car, hitting him directly in the head and

crushing the front of his skull.  Since these severe neurological injuries Mr. Burke has suffered

from symptoms typical of traumatic brain injuries including but not limited to post-concussion

symptoms including severe headaches.  Magnetic resonance imaging continues to show scarring, shrinkage, and encephalomalacia in both frontal lobes.  Plaintiff further suffered from intermittent but incapacitating psychiatric symptoms, for which in 2011 he applied for and was granted medical leave by RUSM.

3.      RUSM is a for-profit medical headquartered in Dominica in the Caribbean. RUSM recruits students and otherwise does business throughout the United States, including in Connecticut.  RUSM maintains offices in Florida and conducts administrative and business operations in New Jersey.  RUSM is a wholly owned subsidiary of DeVry Education Group, Inc. and/or DeVry University, Inc., publicly held, for-profit companies located in Illinois.

4.      RUSM is a public accommodation as that term is defined by the ADA, and is therefore obligated to offer its students reasonable accommodations under the law.  In addition, as a recipient of federal financial educational funding, RUSM is obligated to comply with Section 504.

5.      But for the USMLE Step 2 CK, Plaintiff has completed each and every graduation requirement, including USMLE Step 1 and Step 2 Clinical Skills ("CS"), as well as all didactic and clinical coursework.  In his clinical clerkships, Plaintiff consistently received evaluations of "outstanding" and "above average."

6.      RUSM has certified Plaintiff to take USMLE Step 2 CK on four previous attempts.

7.      RUSM policy, set forth in the RUSM Student Handbook, allows students up to six attempts at USMLE Step 2 CK and CS.

8.      Based on his dates of passing USMLE Step 1 and USMLE Step 2 CS, the Educational Commission for Foreign Medical Graduates ("ECFMG") has established that Mr.

2

Burke has until March 14, 2016, to complete USMLE Step 2 CK with a valid score for licensure. Many states within the United States allow for licensure after completing USMLE Step 2 CK on a fifth or sixth attempt.

9.      Plaintiff accordingly is qualified to take USMLE Step 2 CK and, if he passes, graduate from RUSM.

10.     Following Plaintiff's most recent unsuccessful attempt to pass the USMLE Step 2 CK, in May 2015, RUSM's Promotions Committee dismissed Plaintiff on June 26, 2015, allegedly for failing to complete all graduation requirements within seven years of matriculation.

11.     This alleged seven-year rule did not exist at the time Plaintiff originally matriculated, nor during the years in which Plaintiff was completing his coursework and clinical clerkship requirements.

12.     In early 2014, RUSM suggested that Mr. Burke withdraw from RUSM and reapply for admission with a request to retake USMLE Step 2 CK.  Relying on this advice, Mr. Burke withdrew on February 26, 2014, reapplied, and on March 31, 2014 was readmitted to RUSM and received a readmission letter stating that he was "being re-accepted to take the USMLE, Step 2/CK."

13.     Accordingly, Mr. Burke matriculated for the second time on or about March 31, 2014.

14.     The seven-year rule was announced to Plaintiff for the first time in April 2014.

15.     The seven-year rule has no basis in any academic requirement, nor does it bear any relationship to physician licensure requirements.

16.     Numerous accredited schools of medicine located in the United States allow students with demonstrated need and/or as a reasonable accommodation to take more than seven years to complete degree requirements.

17.     Plaintiff appealed his June 2015 dismissal by the Promotions Committee. In his appeal he specifically requested additional time to take the examination as a reasonable accommodation under the ADA.  Plaintiff supported his request with information from his physicians documenting his disabling condition.  He also pointed out that the seven-year rule was announced and applied to him for the first time upon readmission in March 2014 had not been in effect when he was first admitted to RUSM, nor when he was completing RUSM clinical clerkships.  Plaintiff further pointed out in his appeal that due to RUSM's own delays in scheduling his clinical clerkships, he had actually been actively enrolled in RUSM work for less than seven years since his first date of matriculation.  Plaintiff also pointed out that under the current RUSM Student Handbook, he should be allowed two more attempts to pass Step 2 CK (six attempts total), and that based on his dates of passing USMLE Step 1 and USMLE Step 2 CS, the ECFMG has established that he has until March 14, 2016, to complete USMLE Step 2 CK with a valid score for licensure.

18.     RUSM did not review Plaintiff's appeal at the Promotions Committee's July meeting, but deferred it for review at the August meeting.  On August 17, 2015, the Promotions Committee's chair, Dr. Robert Mucciola wrote to Plaintiff on behalf of RUSM and stated the dismissal decision was upheld.  The letter provided no explanation for the decision. RUSM did not acknowledge Plaintiff's request for a reasonable accommodation under the ADA, let alone provide a basis for its denial of the accommodation request.  RUSM did not respond to Plaintiff's challenges to its application of the seven-year rule.  RUSM did not acknowledge that

the seven-year rule had not applied at the time Plaintiff originally matriculated at RUSM.  It did

not analyze or respond to Plaintiff's observation that due to RUSM's own administrative and

scheduling delays he had actually been actively enrolled in RUSM coursework for less than

seven years since his first matriculation; or that he had matriculated for a second time upon

readmission to RUSM in 2014.  It did not provide any academic or license-related justification to

the seven-year rule, and did not reference its own Student Handbook, which includes a policy

that would allow Plaintiff two more attempts, nor ECFMG's policy under which Plaintiff had

until March 2016 to complete USMLE Step 2 CK and be eligible for licensure.

       19.     On September 15, 2015, consistent with RUSM policy, Plaintiff appealed

the RUSM Promotions Committee's dismissal to the RUSM dean.  In his appeal, he again

supported his request with information from his physicians documenting his disabling condition

and made the same arguments that were ignored by the Promotions Committee and Dr.

Mucciola.

       20.     Through correspondence dated September 30, 2015, RUSM Dean Joseph

A. Flaherty, M.D., denied Plaintiff's appeal.  The body of Dean Flaherty's letter stated in full:

> I have carefully reviewed your academic record, your appeal of the Student
> Promotions Committee's recommendation for dismissal, and your pre-
> matriculation credentials. I concur with the Promotion Committee's decision to
> dismiss you from Ross University School of Medicine effective September 30,
> 2015. I hope you do not let this detour keep you from achieving your goal of
> helping people in need.

       21.     Dean Flaherty's letter provided no explanation whatsoever for RUSM's

decision.  The letter did not acknowledge the accommodation request, let alone provide a basis

for denial of accommodation.  The letter did not respond in any way to Plaintiff's questioning the

application or interpretation of the seven-year rule.  The letter did not provide any academic or

license-related justification to the seven-year rule, and did not reference RUSM's Student

Handbook, the policy in which would have allowed Plaintiff two more attempts, or ECFMG's

rule under which Plaintiff has only until March 14, 2016, to complete USMLE Step 2 CK and be

eligible for an ECFMG certificate for licensure.  The letter did not provide any explanation of

why Plaintiff should be considered to have been a student for seven years when in fact due to

RUSM's administrative and scheduling delays he ought not to have been considered enrolled for

seven years and in fact had not been since he withdrew and was readmitted.

22.     The basis for RUSM's dismissal of Plaintiff, the seven-year rule, has no

connection to any academic, curricular, or license- or certification-related requirement.  No law

or medical board rule or policy or credentialing organization rule or policy provides that

medical-school degree requirements must be completed within seven years of matriculation.

23.     In considering a motion for a temporary restraining order, this Court

applies the same standard applicable to a motion for a preliminary injunction.  *See Local 1814,*

*Int'l Longshoreme's Ass'n v. New York Shipping Ass'n,* 965 F.2d 1224, 1228 (2d Cir. 1992).

24.     A party seeking a preliminary injunction is required to show "(a)

irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious

questions going to the merits to make them a fair ground for litigation and a balance of hardships

tipping decidedly toward the party requesting the preliminary relief."  *Citigroup Global Mkts.,*

*Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010).  Where a

mandatory preliminary injunction is sought that alters the status quo by commanding some

positive act, a party seeking a preliminary injunction is required to show "irreparable harm and

. . . likelihood of success on the merits."  *Id.*

25.     Plaintiff faces immediate and irreparable harm.  Plaintiff has only until

March 14, 2016 to take and pass the USMLE Step 2 CK and be eligible for an ECFMG

certificate for licensure because ECFMG requirements provide that Step 2 CS and CK must be completed within 7 years of the first date of passage of USMLE Step 1.  If Plaintiff has not taken and passed the USMLE Step 2 CK by March 16, 2016, his passing scores on the USMLE Step 1 and Step 2 CS scores will no longer be valid for licensure and certification,

26.     The likelihood of Plaintiff's success on the merits is great.  The sole remedy sought by Plaintiff pursuant to this motion is a change in the length of time permitted to complete RUSM's degree requirement.  Regulations promulgated by the United States Department of Education, Office of Civil Rights, pursuant to Section 504, expressly state, "Modifications may include changes in the length of time permitted for the completion of degree requirements."  34 C.F.R. § 104.44(a).

27.     The denial of Plaintiff's request for accommodation in the form of additional time to take USMLE Step 2 CK was an unlawful denial of a request for accommodation under the ADA and Section 504.  The absence of any explanation for the denial is evidence that the denial was made without any basis, and was not only discriminatory, but arbitrary and capricious as well.

28.     Plaintiff's request for accommodation was reasonable in that he sought to be certified for an examination for which he is qualified, as evidenced by RUSM's certifying his previous attempts.  In addition, Plaintiff's request was reasonable because a request for a fifth attempt to USMLE Step 2 CK is within RUSM policy:  RUSM policy allows up to six attempts at USMLE Step 2 CK.  The request also was reasonable because under ECFMG policy, Plaintiff has until March 14, 2016, to complete the examination while previous USMLE steps remain valid.

29.     A temporary restraining order would not result in the alteration of any academic judgment or education or curricular requirements.  RUSM's seven-year rule has no basis in RUSM's curriculum, and was already waived in Plaintiff's case for the purpose of his most recent USMLE Step 2 CK attempt.

30.     The harm to RUSM if a temporary restraining order is granted is negligible, amounting only to a moment's worth of administrative work of the sort RUSM does for students every day:  certifying them to take USMLE steps for which they are qualified.

For the reasons set forth above, Plaintiff respectfully requests that this Court grant its motion for a Temporary Restraining Order directing RUSM to certify and permit Plaintiff to take USMLE Step 2 CK on or before March 14, 2016.

THE PLAINTIFF,

By _____/s/  ct18688_____
        Francis D. Burke-ct18688
        MANGINES & BURKE, LLC
        41 North Main Street, Ste. 204
        West Hartford, CT 06107
        Tel. (860) 233-1000
        Fax: (860) 523-9235
        fburke@aol.com

## **CERTIFICATION**

I hereby certify that on January 25, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

_____/s/  ct18688_____
Francis D. Burke  ct18688